```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Panama Portfolio.com SA,         :

       Plaintiff,              :    Case No. 2:16-0070

   v.                           :    Magistrate Judge Kemp

TREXL Capital, LLC, et al.,      :

       Defendants.             :

OPINION AND ORDER

    This is an action to recover on a promissory note and for other relief.  It has been referred to the Magistrate Judge for full disposition by the consent of the parties and pursuant to 28 U.S.C. §636(c).  It is now before the Court for a ruling on Plaintiff's motion for partial summary judgment (Doc. 30).  Defendants did not file a response to the motion and the time for doing so has expired.  For the reasons set forth below, the motion for partial summary judgment (which seeks judgment only on a breach of contract claim, which is the first cause of action alleged in a four-count complaint) will be granted.

I. Background

    Plaintiff, Panama Portfolio.com, SA ("Panama"), is a privately held corporation licensed under the laws of the Republic of Panama, and is principally engaged in the business of real estate development.  Defendants, TREXL Capital, LLC ("TREXL"), WCM Capital, LLC ("WCM"), and Hall Management Company ("Hall") (together "the Company defendants") are each businesses which engage in capital investment into real estate development projects.  Defendant David Simonette is an attorney and the statutory agent of both TREXL and WCM.

    The basic facts underlying the motion for partial summary judgment are taken from the pleadings and from the declaration of Henri Kerkhof, Panama's president, which is attached to the

motion for partial summary judgment (Doc. 30).  They can be accurately summarized as follows.

In March of 2015, the defendants entered into discussions with Panama about borrowing $500,000 to fund a real estate development project in the Republic of Panama.  On April 1, 2015, Mr. Simonette wrote to Mr. Kerkhof, the President of Panama, stating that the borrowed funds would be transferred to Hardy Capital Corporation ("Hardy") as a capital contribution to enable Hardy to obtain a bank instrument to fund a real estate development project in the Republic of Panama.  Subsequently, on April 6, 2015, the Company Defendants executed a promissory note ("Note") to Panama.  A copy of the fully executed note is attached to Mr. Kerkhof's declaration as Exhibit 2.  The terms of the Note provided that the Company Defendants would borrow $500,000 from Panama. In return, they would pay Panama $625,000 (the principal sum of $500,000, plus a fee of $125,000) by June 10, 2015.  The Note also provided that if the Company Defendants failed to make timely payment, they would be subject to a $30,000 late fee, interest on the principal amount at the rate of 12% per annum, and the costs of collection.  Pursuant to the terms of the Note, between April 1-8, 2015, Panama made transfers to a bank account designated by the Company Defendants totaling $500,000. (Complaint, ¶16).  In their answers, the Company Defendants admit this allegation.  <u>See</u> Docs. 9, 16, and 17.

The Company Defendants failed to make payment by June 10, 2015, as provided in the Note.  Despite repeated demands, at the time of the filing of the complaint in January, 2016, the Company Defendants had made no payments to Panama.  Since the filing of the lawsuit, Defendant Hall has made $125,000 in payments to Panama, but there have been no payments made by either TREXL or WCM.  Kerkhof Declaration, ¶8.

II. <u>Summary Judgment Standard</u>

2

Summary judgment is not a substitute for a trial when facts material to the Court's ultimate resolution of the case are in dispute.  It may be rendered only when appropriate evidentiary materials, as described in Fed. R. Civ. P. 56(c), demonstrate the absence of a material factual dispute and the moving party is entitled to judgment as a matter of law.  <u>Poller v. Columbia Broad. Sys., Inc.</u>, 368 U.S. 464 (1962).  The moving party bears the burden of demonstrating that no material facts are in dispute, and the evidence submitted must be viewed in the light most favorable to the nonmoving party. <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144 (1970).  "[I]f the evidence is insufficient to reasonably support a jury verdict in favor of the nonmoving party, the motion for summary judgment will be granted."  <u>Cox v. Kentucky Dept. of Transp.</u>, 53 F.3d 146, 150 (6th Cir. 1995)(citation omitted).  Additionally, the Court must draw all reasonable inferences from that evidence in favor of the nonmoving party.  <u>United States v. Diebold, Inc.</u>, 369 U.S. 654 (1962).  The nonmoving party does have the burden, however, after completion of sufficient discovery, to submit evidence in support of any material element of a claim or defense on which that party would bear the burden of proof at trial, even if the moving party has not submitted evidence to negate the existence of that material fact.  <u>See Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242 (1986).  Of course, since "a party seeking summary judgment ... bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact," <u>Celotex</u>, 477 U.S. at 323, the responding party is only required to respond to those issues clearly identified by the moving party as being subject to the motion.

The Company Defendants have not opposed the motion for

partial summary judgment.  Nonetheless, even where a party "offer[s] no timely response to [a] [ ] motion for summary judgment, the District Court [may] not use that as a reason for granting summary judgment without first examining all the materials properly before it under Rule 56(c)." Smith v. Hudson, 600 F.2d 60, 65 (6th Cir. 1979). This is so because "[a] party is never required to respond to a motion for summary judgment in order to prevail since the burden of establishing the nonexistence of a material factual dispute always rests with the movant." Id. at 64.  However, the non-moving party cannot rest solely on the defenses in his pleadings, but must come forward with some evidence to show that there is at least a genuine issue of material fact. Celotex, 477 U.S. at 342.  Therefore, a district court must review carefully the portions of the record submitted by the moving party to determine whether a genuine dispute of material fact exists.  It is with these standards in mind that the instant motions must be decided.

### III. Discussion

In its motion for summary judgment, Panama correctly argues that there is no dispute that the Company Defendants entered into the Note and failed to pay the amount due by the specified date. The Company Defendants admit in their pleadings that they executed the Note on the alleged terms and admit to failing to pay in a timely manner.  These allegations are also confirmed by Mr. Kerkhof's declaration.  Those facts are sufficient to support summary judgment on a breach of contract claim.

Under Ohio law, breach of contract plaintiffs must prove four standard elements: (1) that a contract existed; (2) that the plaintiff performed under the terms of the contract; (3) that the defendant breached the contract; and (4) that the plaintiff suffered damages as a result of the defendant's breach. Jarupan v. Hanna, 173 Ohio App.3d 284, 294 (Franklin Co. 2007). Each of

4

these elements in turn contains its own set of elements. A contract requires offer, acceptance, and consideration as well as a manifestation of mutual assent and a meeting of the minds as to the contract's essential terms. It is well settled that "a breach occurs when a party fails, without legal excuse, to perform a promise that forms a whole or part of a contract." See e.g. Landis v. William Fannin Builders, Inc., 193 Ohio App.3d 318, 327 (Franklin Co. 2011). Performance is the absence of breach, or a party fulfilling the promise within a contract. With respect to the plaintiff's damages, the defendant is only liable for damages proximately resulting from the defendant's breach of contract. See e.g. Meyer v. Chieffo, 193 Ohio App.3d 51 (Franklin Co. 2011). These legal elements are all satisfied here.

Based on the uncontroverted facts, the money damages recoverable for breach of contract are the $500,000 principal amount of the note minus the $125,000 payment by Hall ($375,000) plus $155,000 for the agreed fee and late fee, making a total amount due $530,000. Panama is also entitled to interest on the unpaid principal amount at the rate of 12% per annum. The Court will grant judgment for that amount on Count One of the Complaint.

## IV. Conclusion

For the foregoing reasons, Panama's motion for partial summary judgment (Doc. 30) is GRANTED. Panama is entitled to recover the sum of $530,000 on Count One of the complaint, plus interest at the rate of 12% per annum on the unpaid principal amount, against Defendants TREXL, WCM, and Hall. Counts Two through Four remain pending.

/s/ Terence P. Kemp
United States Magistrate Judge